UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAMIEN TAYLOR,

        Plaintiff,        Case No. 2:12-cv-144

v.        Honorable R. Allan Edgar

JAMES M. GRAVES, JR., et al. ,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* without immediate payment of an initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Damien Taylor, an inmate incarcerated at the Chippewa Correctional Facility (URF), filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff asserts that the alleged constitutional violations arose while he was confined at the Richard A. Handlon Correctional Facility. As Defendants, Plaintiff names Circuit Judge James M. Graves, Jr., Warden John Prelesnik, Assistant Resident Unit Supervisor K. A. Krick, and Resident Unit Manager J. Payne. Plaintiff claims that Defendants Prelesnik, Krick, and Payne erred in preparing Plaintiff's Parole Eligibility / Lifer Review Report (PER/LRR). Plaintiff asserts that the "active offenses" section was not accurate and that this prejudiced his parole review. Plaintiff filed a grievance regarding this issue and in the step II response, J. Armstrong stated:

> The Grievant presents an issue alleges staff fraudulently misrepresenting the Active Offense section of Grievant's PER to the parole board. He states his active offense should say Assault with the Intent to Commit Armed Robbery and not just Armed Robbery. Also, it should say Aiding and abetting Murder in the 1st degree and not just Murder 1st degree. Grievant requests the matter be investigated, remove the initial PER that is at issue from Grievant's file, afford, immediately the mandatory lifer interview according to the Michigan laws and MDOC policy, subject those responsible to discipline and proper training as required, and be justly compensated for the violation of law and policy as relief for filing this grievance. This grievance was reviewed and responded to at the local level in accordance with the provisions of Policy Directive and Operation Procedure 03.02.130 (Prisoner/Parole Grievances) and states grievance is denied as it is a duplicate of MTU 2009-02-0950-16c. Grievant received his Step II response from the previous grievance on 3-20-2009 and he may continue that grievance to Step III.
>
> Grievant at Step II states he does not agree with the Respondent's reply. He states the previous grievance cited in Step I was because he wasn't allowed to review his PER. He states this grievance is about errors in his PER/LRR. The Step II response states after reviewing the grievance and sentencing information contained in Grievant's

>    Record Office file, it was found the PER/LRR was prepared correctly. The judgment of sentencing for case number 97-1-40488-FC states Grievant was convicted of the crimes of 1st Degree Murder (LIFE), Conspiracy-Robbery Armed (20y-75y), and three counts of Weapons-Felony Firearm (2y-2y). These are the sentences that are currently active. Until there is a new judgment of sentence issued to amend the original offenses, the active sentences remain correct. The matter is considered resolved.

(Plaintiff's Attachment 1, p. 11, Docket #1-1.)

In his complaint, Plaintiff claims that Defendants Prelesnik, Krick and Payne "joined in the conspiracy to fraudulently misrepresent the active offense section of Plaintiff's PER/LRR through their actions, inactions and meeting of their minds with [Defendant] Graves, Jr." Plaintiff further states that his PER/LRR contained the same "fraudulent misrepresentations in the PER that the Judges and Prosecuting Attorney permitted plaintiff sentenced on and placed in the Judgment of Sentence Commitment to Department of Corrections for Count I and II." (Plaintiff's complaint, pp. 4-b - 4-c, docket #1.) Plaintiff claims that Defendants' conduct violated his due process rights and seeks injunctive relief and damages.

**Discussion**

    I.    <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff asserts that Defendants are responsible for false information being listed on his PER/LRR. However, an inmate has a limited right to have erroneous information expunged from his prison file. A prisoner must allege that the information is actually in his file, that it is false, and that the information is relied on to a constitutionally significant degree. *Johnson v.*

*CCA-Northeast Ohio Correctional Center Warden*, 21 Fed. Appx. 330, 332(C.A.6 (6th Cir. 2001) (citing *Paine v. Baker*, 595 F.2d 197 (4th Cir.), *cert. denied*, 444 U.S. 925 (1979)). *See also U.S. ex rel Silverman v. Commonwealth of Pennsylvania*, 527 F. Supp. 742 (D.C. Pa. 1981), *aff'd*, 707 F.2d 1395 (3rd Cir. 1983); and *Pruett v. Levi*, 622 F.2d 256, 258 (6th Cir. 1980)(per curiam). It is not necessary that an inmate wait until an adverse decision has actually been rendered, so long as he alleges that the false information is such that prison officials are likely to rely on it. *Paine*, 595 F.2d at 201; *U.S. ex rel Silverman*, 527 F. Supp. at 745.

Plaintiff states his active offenses should say Assault with the Intent to Commit Armed Robbery and not just Armed Robbery, and Aiding and Abetting Murder in the 1st degree and not just Murder 1st degree. In his complaint, Plaintiff indicates that he previously filed a habeas corpus action in this court challenging his state court convictions. As noted by Magistrate Judge Hugh W. Brenneman, Jr., in his February 8, 2011, Report and Recommendation, Plaintiff's convictions include:

> first degree murder, M.C.L. § 750.316(1)(b); conspiracy to commit assault with intent to commit armed robbery, M.C.L. §§ 750.157a, 750.89; two counts of assault with intent to do great bodily harm less than murder, M.C.L. § 750.84; and three counts of possession of a firearm during the commission of a felony, M.C.L. § 750.227b. Trial Transcript VII at pp. 3-5; Verdict Form (docket no. 60-7); *People v. Taylor*, No. 210567, slip op. at 1.

(*Taylor v. Prelesnik*, 1:02-cv-470 (S.D. Mich., Mar. 17, 2011), docket #79, p. 2.)

It is clear from the record that, contrary to his assertion, Plaintiff was convicted of first-degree murder. Therefore, to the extent that Plaintiff is asserting his PER/LRR should not have listed first-degree murder as a conviction, he is incorrect. Moreover, Plaintiff fails to specify how the error in his PER/LRR regarding his conviction for conspiracy to commit assault with intent to

commit armed robbery prejudiced him. As noted above, Plaintiff is serving a life sentence for first-degree murder. Given that fact, Plaintiff's assertion that the complained of error in listing his conviction as "armed robbery," rather than as "assault with the intent to commit armed robbery," will prevent him from being granted parole, is unsupported and highly speculative. Moreover, there is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-165 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. In a recent published decision, the Sixth Circuit reiterated the continuing validity of *Sweeton*. *See Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). In *Crump*, the court held that the adoption of specific parole guidelines since *Sweeton* does not lead to the conclusion that parole release is mandated upon reaching a high probability of parole. *See id.*; *see also Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). In addition, the Sixth Circuit has rejected the argument that the Due Process Clause is implicated when changes to parole procedures and practices have resulted in incarcerations that exceed the subjective expectation of the sentencing judge. *See Foster v. Booker*, 595 F.3d 353, 369 (6th Cir. 2010). Finally, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan

system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Therefore, because Plaintiff has no liberty interest in parole, he cannot complain that an error in his PER/LRR violated his due process rights.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: 5/3/2012 /s/ R. Allan Edgar
R. Allan Edgar
United States District Judge